IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LONNIE JORDAN**                                                                          **PETITIONER**

**V.**                             **CIVIL ACTION NO. 3:17CV733 DPJ-LRA**

**WARDEN FRANK SHAW**                                        **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Lonnie Jordan was convicted in the Circuit Court of Copiah County, Mississippi, and seeks federal habeas relief under 28 U.S.C. § 2254. After a review of the entire record, the undersigned recommends that his petition be dismissed with prejudice.

**Factual and Procedural Background**

In 2015, Jordan was convicted of auto theft and kidnapping. He was sentenced to a term of ten years for the auto theft and thirty years for kidnapping, to run consecutively. The relevant facts are described in the state court's opinion as follows:

> On February 5, 2015, Dominique Buckner left her car idling in the driveway of Kimberly Sims's house in Hazlehurst. Buckner left her two-month-old son, Austin, in the vehicle, with the driver's side door open, while she went to retrieve her three-year-old son, Aiden, from Sims's house. Buckner stated that she got out of the car to retrieve Aiden from the front porch and heard her car door close and saw her car drive off. Buckner then ran after the car screaming for her child, but the car drove away. Buckner did not see who took the car, but called the police to report the theft and kidnapping.
>
> The Hazlehurst Police Department, the Copiah County Sheriff's Department, the Mississippi Bureau of Investigation, and other agencies coordinated an effort to locate the car carrying Austin. An Amber Alert was issued shortly after Buckner reported the crime. Early in the morning on February 6, 2015, George Howell spotted the missing vehicle on Thomas

Road in Crystal Springs. Howell recognized the car from the Amber Alert and reported the location of the car to the Crystal Springs Police Department. The police found the car with Austin unharmed in the backseat, but there was no indication of a suspect.

During the several hours between the theft and the recovery of the vehicle, Christopher Davis, an investigator with the Hazlehurst Police Department, developed Jordan as a person of interest. Investigator Davis knew Jordan frequented the area where the car was stolen. A further investigation revealed that Jordan's girlfriend, LaQuanda Jefferson, lived on Thomas Road approximately .1 miles from where police recovered the vehicle.

Police questioned Jefferson that night regarding Jordan's whereabouts, but she denied seeing Jordan at the time. A few days later, Ray Johnson turned over a purse and wallet belonging to Buckner to police. Johnson, Jefferson's father, owned and lived at the home on Thomas Road with his wife, Jefferson, and Jefferson's two children. He stated he found the purse underneath his front porch, but did not know how it got there.

The day after Johnson discovered the purse, Jefferson contacted police to change her statement. Jefferson stated that Jordan came to her house the night of the crime. When the police arrived, Jefferson alleged that Jordan asked her to hide him and then sneak him out of the house the next morning. The police then arrested Jordan based on this new evidence.

*Jordan v. State*, 220 So. 3d 980, 983 (Miss. Ct. App. 2016).

After a trial, Jordan was found guilty on both the kidnapping and auto theft counts.

Aggrieved, he filed an appeal raising several issues which were construed as follows:

    I.     Whether Jordan was unlawfully arrested;

    II.    Whether the evidence was sufficient to support Jordan's conviction;

    III.   Whether the jury verdicts are against the overwhelming weight of the evidence;

    IV.   Whether Jordan's sentence should be set aside because the jury did not hear all of the evidence;

>    V.   Whether the prosecutor made improper remarks in closing arguments; and,
>
>    VI.  Whether the trial court erroneously admitted the 911 tape recording into evidence.

*Jordan*, 220 So. 3d at 984.

The Mississippi Court of Appeals affirmed the conviction and sentence on November 29, 2016. *Id.* Subsequent petitions for rehearing and a writ of certiorari were denied respectively on April 18, 2017, and June 29, 2017. Nothing of record indicates that Jordan filed an application for post-conviction relief.

Jordan now brings the instant petition, and asserts as grounds for relief many of the same claims rejected on direct appeal:

>    Ground One:     Witness credibility
>
>    Ground Two:     The jury verdict was against the overwhelming weight of the evidence
>
>    Ground Three:   The evidence was insufficient to support Jordan's convictions
>
>    Ground Four:    Unlawful arrest

## Discussion

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Under 28 U.S.C. § 2254(d)(1), this court reviews questions of law as well as mixed questions of law and fact, while questions of fact are reviewed under 28 U.S.C. § 2254(d)(2).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts.  *Id.*  Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case."  *Bell v. Cone*, 535 U.S. 685 694 (2002).  The state court's decision must be objectively unreasonable, not merely erroneous or incorrect.  *Wood v. Allen,* 558 U.S. 290, 301 (2010).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Morales v. Thaler*, 714 F.3d 295, 301 (5th Cir. 2013).  Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect."  *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002); *Jasper v. Thaler*, 466 F. App'x 429, 435 (5th Cir. 2012).  Thus, we presume the

state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S. C. § 2254 (e)(1).

### 1. Grounds One, Two and Three

In grounds one through three of the petition, Jordan raises several arguments collectively challenging the weight and sufficiency of the evidence supporting his conviction. He principally contends that there was no direct evidence linking him to the crimes, such as fingerprints or DNA evidence in the car, or eyewitnesses who saw him "in the city of Hazlehurst on the day the crimes took place." He alleges that he was identified as a suspect merely because he "hung around the area at night time." He also questions the credibility of his girlfriend who initially confessed to lying to the police, and notes that her father, "who was very adamant" in his dislike for him, refused to allow the sheriff "to verify [where the purse] was found."[1] These arguments do not persuade.

The law is clear. Unlike a sufficiency-of-the-evidence claim, a weight-of-the-evidence claim requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). "The credibility of the witnesses and the weight of the evidence is the exclusive province of the jury." *Hebert v. Rogers*, 890 F.3d 213, 225 (5th Cir. 2018), *cert. denied,* 139 S. Ct. 1290, (2019) (citation omitted). It is purely a matter of state law and is not cognizable on habeas review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the

---

[1] ECF No. 1, pp. 7-10.

evidence . . ."). Because Jordan's challenge to the weight of the evidence is not a valid claim for habeas corpus review, his request for relief on this basis should be denied.

With respect to the claim that there was insufficient evidence to establish the elements of kidnapping and auto theft charges, a sufficiency-of-the-evidence claim is based upon federal due process principles, requiring the State to prove each element of the offense beyond a reasonable doubt. The only relevant question in assessing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Jackson* requires us to look to state law for the substantive elements of the offense, but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 566 U.S. 650 (2012) (internal quotation marks omitted). *Jackson* claims "face a high bar in federal proceedings because they are subject to two layers of judicial deference." *Id.* at 651. In the first layer, a state appeals court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Id.* In the second layer, a federal court grants habeas relief only upon a finding that the state court's rejection of a sufficiency of the evidence claim was "objectively unreasonable." *Id.* Under *Jackson's* sufficiency of the evidence standard, juries have broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that they "draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

6

Viewing the evidence in the light most favorable to the State in this case, the Mississippi Court of Appeals concluded that the jury heard sufficient evidence from which it could rationally infer that Jordan committed auto-theft and kidnapping[2] beyond a reasonable doubt. As the court explained:

> The State presented witnesses who testified to an extent that established Jordan's involvement in the crimes. First, Investigator Davis testified that Jordan quickly became a person of interest because he knew Jordan frequented the area, but he could not locate Jordan's whereabouts. Investigator Davis also testified that Buckner's car and child were recovered approximately .1 miles from Jefferson's home. Lastly, Investigator Davis testified that Jefferson initially told police she did not see Jordan that night, but Jefferson later contacted him to change her story.
>
> Jefferson testified that the night police came to her house, she lied about not seeing Jordan that night. In her later statement to police, Jefferson stated that Jordan did come to her house that night and that he stayed in her room. When the police arrived, Jefferson testified that Jordan asked her to hide him. She stated that she hid Jordan in her children's closet until she sneaked him out of the house the next morning. Jefferson further testified that Jordan did not arrive in a car and she had to drive him home that morning.
>
> A third witness, Johnson, testified that he found Buckner's purse and wallet underneath the front porch of his home. Johnson stated he found the purse and wallet a couple of days after the incident and turned the

---

[2] Miss. Code Ann. § 97-17-42 provides in relevant part:

> (1) Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership . . . .

Miss. Code Ann. § 97-3-53 provides in relevant part:

> Any person who, without lawful authority and with or without intent to secretly confine, shall . . . inveigle or kidnap any vulnerable person as defined in Section 43-47-5 or any child under the age of sixteen (16) years against the will of the parents or guardian or person having the lawful custody of the child . . . .

> evidence over to police. Johnson also testified that Jordan never came onto his property in contradiction to Jefferson's testimony.
>
> Discrepancies in witness testimony, however, do not render the evidence insufficient. "[I]t is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence." *McClure v. State*, 941 So. 2d 896, 898 (Miss. Ct. App. 2006) (citing *Evans v. State*, 725 So. 2d 613, 680–81 (Miss. 1997)). Therefore, the witness testimony provided a sufficient basis for the jury to find Jordan guilty.

*Jordan*, 220 So. 3d at 985–86.  Under our limited AEDPA review, the Mississippi Court of Appeals' resolution of this issue was neither contrary to, nor an unreasonable application of *Jackson.*  On the contrary, the jury's construction of the evidence was reasonable, and its resulting decision to find Jordan guilty on each count was rational. Conflicts in evidence were for the jury to resolve, and we must "respect the ability of the fact-finder to evaluate the credibility of the witnesses." *Jackson v. Mississippi Dep't of Corr.*, 359 F. App'x 499, 502 (5th Cir. 2010) (quoting *Knox v. Butler*, 884 F.2d 849, 851 (5th Cir. 1989), *as amended on denial of reh'g* (Nov. 21, 1989)).  Although Jordan makes much of the fact that Jefferson recanted her initial statement to police, this does not exculpate him.  The jury could have reasonably inferred from her subsequent statements and the other evidence presented at trial that he was attempting to avoid detection by the police after stealing and abandoning the car.  That the jury found the prosecution's witnesses more credible than Jordan's denials is beyond the scope of federal review. *See Schlup v. Delo,* 513 U.S. 298, 330 (1995) ("under *Jackson,* assessment of credibility of witnesses is generally beyond scope of review").

To the extent Jordan argues that circumstantial evidence alone cannot satisfy the standard set forth in *Jackson,* the argument is unavailing.  The "court looks to both direct

and circumstantial evidence in resolving the question of sufficiency of the evidence underlying the conviction." *See, e.g., Taylor v. Scott*, 48 F.3d 529 (5th Cir. 1995) ("[A] sufficiency-of-the-evidence claim may be resolved based on circumstantial evidence."); *Williams v. Scott*, 39 F.3d 320 (5th Cir. 1994) ("[T]he evidence may be sufficient even though entirely circumstantial."); *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990); *Pate v. Wainwright*, 607 F.2d 669, 670 (5th Cir. 1979). The evidence in this case, though circumstantial, was sufficient to support the jury's verdict that Jordan was guilty of auto-theft and kidnapping, and he has presented nothing in his habeas petition to overcome the deference afforded the state court's decision. No relief is warranted on this claim.

### Ground Four

Lastly, Jordan alleges in ground four that he was unlawfully arrested because there was "never a judicial determination of probable cause." The issue was ruled procedurally barred on direct appeal because Jordan failed to raise it prior to or at trial. *Jordan*, 220 So. 3d at 984 ("It is well-established that failure to raise an issue at trial procedurally bars review on appeal.") (quoting *Boyd v. State*, 47 So. 3d 121, 123–24 (Miss. 2010)). Jordan must first overcome his procedural default to obtain relief.

Federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Under the procedural default doctrine, "a state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the

9

prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Hernandez v. Thaler*, 440 F. App'x 409, 415 (5th Cir. 2011). To be adequate, a procedural bar rule must be "strictly or regularly" applied by the state courts to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995).

Though not expressly cited by the Mississippi Court of Appeals, its refusal to consider Jordan's unlawful arrest claim rested on the procedural bar enumerated in Miss. Code Ann. § 99-39-21(1).[3] This provision has long been considered by the Fifth Circuit to be an independent and adequate state procedural bar that is regularly and consistently applied to similar claims. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992). Jordan does not contend otherwise.

Jordan can overcome the procedural default if he demonstrates "cause for the default and actual prejudice" or shows that "failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998)). To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief

---

[3] Miss. Code Ann. § 99-39-21(1) provides as follows:

(1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

10

in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Jordan does not show that either exception is met here.

Jordan also fails to demonstrate that failure to consider the merits of his claim would result in a fundamental miscarriage of justice. To meet this exception, a petitioner must show that he is actually innocent; that "as a factual matter, that he did not commit the crime of the conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Actual innocence claims must be supported with new, reliable evidence that was not presented at trial and a petitioner must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 644. Jordan has made no such showing that meets this standard. Even in the absence of any corroborating physical evidence, the evidence is sufficient to establish that Jordan stole the victim's car with her infant inside, and then attempted to evade capture by hiding in his girlfriend's house. Accordingly, he has failed to overcome his procedural default and his unlawful arrest claim is barred from federal review.

For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that this habeas petition should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written

objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on June 4, 2020.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE